UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE IRIZARRY,<br><br>                    Petitioner,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 17-CR-283 (LAP)<br><br>23-CV-237 (LAP)<br><br>OPINION AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Petitioner Jorge Irizarry's ("Irizarry" or "Petitioner") pro se motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[1] The Government opposed the motion and requested the Court order affidavits from Petitioner's counsel to address some of his claims.[2] In response to the Court's order requiring Petitioner's former counsel to submit sworn testimony addressing the allegations of ineffective assistance of counsel (dkt. no. 640), Kelley Sharkey, Louis Freeman, and Karloff Commissiong submitted affidavits.[3] Petitioner submitted a reply (see Reply), and the Government filed

---

[1] (See Motion to Vacate ("Mot." or "Mot. to Vacate"), dated Jan. 9, 2023 [dkt. no. 561]; Movant's Reply to the Government's Opposition ("Reply"), dated Jun. 6, 2023 [dkt. no. 581].)
[2] (See Government's Memorandum of Law in Opposition to Jorge Irizarry's Motion to Vacate his Conviction ("Gov't Opp."), dated Mar. 21, 2023 [dkt. no. 572].)
[3] (See Kelley Sharkey Declaration ("Sharkey Decl."), dated Dec. 31, 2024 [dkt. no. 641]; Louis M. Freeman Declaration ("Freeman Decl."), dated Mar. 6, 2025 [dkt. no. 643]; Karloff C. Commissiong ("Commissiong Decl."), dated May 9, 2025 [dkt. no. 651].)

1

a supplementary opposition.[4]  For the reasons set forth below, Petitioner's § 2255 motion is denied.

I. **Background**

   a. **Indictment, Plea, and Sentencing**

On February 14, 2019, Irizarry and co-conspirators were indicted for conduct in association with their membership in the Wild Card Crips, a criminal organization in the Bronx, New York, whose members engaged in, among other things, murder, assault, and narcotics trafficking.  (See Indictment, dated Mar. 4, 2019 [dkt. no. 227].)  As a part of the gang, Irizarry sold marijuana and crack cocaine.  (Presentence Report ("PSR") ¶ 39, dated Dec. 10, 2021 [dkt. no. 455].)  In 2015, Irizarry provided one of the firearms used by the Wild Cards in a retaliatory shooting against a rival gang, which resulted in the death of Jonathan Martinez, an innocent 16-year-old who Irizarry's co-conspirators mistook for a rival gang member.  (Id. ¶ 40.)

As a result, Irizarry was charged on six counts in a superseding indictment: Count One charged Irizarry, along with other members of the Wild Card Crips, with racketeering conspiracy in violation of 18 U.S.C. § 1962(d); Count Two charged Irizarry with murder in relation to the racketeering charge in Count One in violation of 18 U.S.C. §§ 1959(a)(1) and (2); Count Three charged

---

[4] Government Letter ("Supp. Letter"), dated July 3, 2025 [dkt. no. 668].

Irizarry with aiding and abetting the use of a firearm to commit murder in violation of 18 U.S.C. § 924(j); Count Four charged Irizarry with using a firearm, which was discharged in furtherance of the racketeering conspiracy, in violation of 18 U.S.C. § 924(c); Count Five charged Irizarry with narcotics conspiracy in violation of 21 U.S.C. § 846; and Count Six charged Irizarry with using a firearm in furtherance of the narcotics conspiracy in violation of 18 U.S.C. § 924(c).  (Indictment; Gov't Opp. at 3.)  Counts Two and Three allowed the Government to pursue the death penalty against Irizarry, which the Government ultimately chose not to do.  (Dkt. no. 346.)  Count Two carried a potential mandatory sentence of life imprisonment.  18 U.S.C. § 1959(a)(1).

Irizarry pleaded guilty before Magistrate Judge James L. Cott to Information S7 17 Cr. 283 (LAP), pursuant to a plea agreement executed on August 17, 2021.  (See Transcript ("Plea Tr."), dated Sept. 21, 2021 [Dkt. no. 451]; dkt. no. 447; Executed Plea Agreement ("Plea Agreement"), dated August 17, 2021.)  Irizarry pled guilty to one count of "using and carrying a firearm . . . in furtherance of a crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  (Plea Agreement at 1.)  Judge Cott confirmed that Irizarry understood the charge, that he was satisfied with his attorney, that his plea was knowing and voluntary, that he understood the charge carried a mandatory minimum term of ten

3

years, and that he was waiving his right to an appeal. (Plea Tr. at 11-12.)

On February 17, 2022, Irizarry appeared before the Court for his sentencing hearing. (See dkt. no. 498 at 1.) He and his attorneys expressed Irizarry's remorse for his crime, emphasized his traumatic upbringing, and affirmed his commitment to bettering himself, evidenced by Irizarry's obtaining his GED while incarcerated. (See id. at 3-6.) Accordingly, the Court imposed the minimum sentence of 10 years imprisonment and three years of supervised release. (Id. at 11-12; dkt. no. 467.)

b. **The Instant Motion**

On January 9, 2023, Petitioner filed pro se the instant § 2255 motion to vacate. (See Mot.) Petitioner raises several grounds in support of his ineffective assistance of counsel claim: (1) counsel allowed him to plead guilty for a crime he never committed (id. at ECF 4);[5] (2) counsel failed to file an appeal (id. at ECF 5); (3) counsel did not sufficiently investigate witnesses (id. at ECF 6); (4) counsel did not raise an argument under Rehaif v. United States 588 U.S. 225 (2019) (id. at ECF 8); (5) counsel did not pursue a sentencing disparity argument (id. at ECF 9); (6) counsel did not pursue a speedy trial (id.); (7) counsel did not challenge Guideline enhancements (id.);

---

[5] Unless designated by "ECF", citation herein is based on the pagination of the parties.

4

(8) counsel did not seek further mental health evaluation (id.); and (9) counsel did not challenge his obstruction of justice enhancement (id.).  The Government's opposition addressed all of Petitioner's arguments except for his claims related to counsel's investigation of the case and the voluntary nature of his plea because they "implicate[d] facts unknown to the Government." (Gov't Opp. at ECF 9.)  Instead, the Government requested that the Court order Petitioner's counsel to provide affidavits addressing the allegations raised by Petitioner. (Id.)  Pursuant to a court order (see dkt. no. 620), Petitioner's counsel, Kelley Sharkey, Louis Freeman, and Karloff Commissiong, all provided affidavits contradicting Petitioner's claims and affirming that they provided thorough and effective representation.  (See Sharkey Decl.; Freeman Decl.; Commissiong Decl.).  The Government filed a supplemental response contending that Counsel was not ineffective with respect to investigating the case, advising Petitioner to plead guilty, and failing to file an appeal. (See Supp. Letter.)

II. **Legal Standards**

   a. **The Habeas Statute**

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate" on the grounds, inter alia, that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to

5

collateral attack." 28 U.S.C. § 2255(a). To ultimately succeed on a § 2255 motion, the defendant must prove his claims by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

### b. Ineffective Assistance of Counsel

To justify granting an evidentiary hearing on an ineffective assistance of counsel claim, Petitioner must raise a "sufficient chance of success," meaning that he "need establish only that he has a plausible claim." Saleh v. United States, No. 01 Civ. 169, 2014 WL 3855022, at *1 (S.D.N.Y. July 31, 2014) (quoting Raysor v. United States, 647 F.3d 491, 494, 497 (2d Cir. 2011)). In this context, a plausible claim must be supported by "assertions of fact that [the] petitioner is in a position to establish by competent evidence." Ioulevitch v. United States, No. 13 Civ. 2003 (PAC), 2014 WL 2158435, at *5 (S.D.N.Y. May 22, 2014) (quoting United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987)). The Court need not grant credibility to conclusory factual assertions that "are contradicted by the record in the underlying proceeding." Puglisi v. United States, 586 F.3d 209, 214 (2d Cir. 2009).

To establish a prima facie claim for ineffective assistance of counsel, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness . . . considering all the circumstances [and] [p]revailing norms of practice," and that (2) counsel's unreasonable performance was

"prejudicial to the defense." Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). The Court is not required to assess these prongs in order and may reject a claim for failing to satisfy either prong without discussing the other. Id. at 697.

To satisfy the first prong, Petitioner must show that counsel's conduct "amounted to incompetence under the prevailing professional norms." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted). Because there are "countless ways to provide effective assistance in any given case," the Court's assessment of counsel's performance must be "highly deferential" and maintain a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Under this lenient standard, "strategic choices made after thorough investigation of law and facts . . . are virtually unchallengeable." Id. at 690. Counsel may also make the decision not to pursue certain investigations if he has made "a reasonable decision that makes particular investigations unnecessary." Id. at 691.

To show prejudice under the second prong, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, Petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going

7

to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "[Petitioner] may not rely on his subjective . . . belief that he would not have pleaded guilty," instead he must point to an alternative defense strategy that could have led to a different outcome had he gone to trial. Cabrera v. United States, No. 12 Civ. 1325 (NRB), 2013 WL 4505191, at *4 (S.D.N.Y. Aug. 23, 2013) (citing United States v. Garcia, 57 F. App'x 486, 489 (2d Cir. 2003)). Petitioner also may show that a lesser sentence would have been imposed but for his counsel's ineffective performance. See Thomas v. United States, No. 17 Civ. 6877, 2020 WL 1285622, at *5 (S.D.N.Y Apr. 18, 2020) (citing United States v. Workman, 110 F.3d 915, 920 (2d Cir. 1997)).

### III. Discussion

Petitioner advances several arguments in support of his ineffective assistance of counsel claim. (See Mot. at ECF 4-10.) As outlined below, all of Petitioner's grounds for relief are without merit. Petitioner fails to demonstrate sufficiently the possibility that counsel acted unreasonably and fails to show any potential prejudice that could have led to a more favorable outcome.

#### a. Guilty Plea

Petitioner claims that counsel allowed him to plead guilty to a crime he did not commit and that he was "coerced verbally into

8

pleading guilty unknowingly." (See Reply at 2; see also Mot. at ECF 4-5.) Affidavits from Petitioner's counsel during his plea all align on the following facts: (1) they "did not coerce [Petitioner] to plead guilty" (Sharkey Decl. ¶ 8; Freeman Decl. ¶ 10; Commissiong Decl. ¶ 10); (2) they each reviewed the agreement with him individually (Sharkey Decl. ¶ 7; Freeman Decl. ¶ 9; Commissiong Decl. ¶ 8); and (3) Petitioner entered a guilty plea "knowingly and voluntarily" (Commissiong Decl. ¶ 10), because he admitted "he provided one of the firearms used in the shooting . . . and believed that acceptance of the plea offer was in his best interest" (Sharkey Decl. ¶ 8).

Petitioner's assertion contradicts several of his statements under oath during his September 21, 2021 plea hearing before Magistrate Judge Cott, when he confirmed that he "had a chance to discuss the charge in the information and how to plead . . . with [his] attorney," that he was "satisfied with [his] counsel," and that his plea was "voluntary" and "made of [his] own free will." (Plea Tr. at 10-11, 18.) He then admitted that he "aided and abetted in the shooting of a rival gang member by providing a firearm" and that he "knew what [he] was doing was wrong and illegal." (Id. at 20.) At sentencing, Petitioner further expressed remorse and apologized for his involvement in the victim's death. (Dkt. no. 498 at ECF 8-9.) These statements by Petitioner and his counsel all confirm that he received reasonably

competent representation that enabled him to enter a guilty plea knowingly and willingly. Petitioner's allegations raised in his motion do not warrant an evidentiary hearing as they are contradicted by the record. Puglisi, 586 F.3d at 214.

Petitioner also fails to show prejudice as he has not shown any evidence beyond his own belief that, absent his counsel's recommendation, he would have requested a trial. See Cabrera, 2013 WL 4505191, at *4. Petitioner was facing charges with a mandatory sentence of life in prison, and he pled to a lesser count with a mandatory minimum sentence of 10 years, which is what he received. (Supp. Letter at 2.) As expounded upon below, all available evidence corroborates that Petitioner committed the crime he pled guilty to and his counsel was effective in advising him to plead guilty.

b. **Failure to Sufficiently Investigate the Case**

Petitioner contends that counsel was ineffective in failing to "cross-examin[e] . . . and/or investigat[e]" witnesses. (Mot. at ECF 6.) In order to show that counsel failed properly to investigate witnesses, Petitioner must do more than "make . . . speculative claims as to what evidence could have been produced by further investigation" and show that the potential witnesses "would have testified at trial and explain the expected nature of the witnesses' testimony." United States v. Peterson, 896 F.Supp.2d 305, 316 (S.D.N.Y. 2012) (internal quotation marks and

10

citations omitted). To support Petitioner's claim that further investigation of witnesses would reveal he is "actually innocent," he must point to some evidence in the record that suggests a particular witness's testimony would have been exculpatory. See Eisemann v. Herbert, 401 F.3d 102, 108-09 (2d Cir. 2005) (holding petitioner's claims that his counsel was ineffective for not investigating a witness that would have exculpated him at trial were speculative absent any evidence on the record that the particular witness possessed exculpatory information).

Here, Petitioner fails to identify any piece of evidence in the record that suggests a witness would provide exculpatory information. He states that he never possessed the firearm he pled guilty to providing in connection with the shooting and that someone else "already pled guilty for" the weapon. (Reply at 1-2.) There were several firearms involved in the shooting and several co-defendants who pled guilty to supplying weapons involved in the shooting. (See PSR at ECF 5-10.) Petitioner pled guilty to "encourage[ing] and assist[ing] the use of firearms to shoot at a rival." (Dkt. no. 447 at ECF 1-2.) Specifically, Petitioner "provided one of the firearms used in the shooting." (PSR ¶ 40.) The fact that other defendants pled guilty to other firearms charges does not exculpate Petitioner for his involvement in the shooting, and it does not suggest that any of those defendants would have provided any exculpatory information had

they been investigated further. Therefore, Petitioner's claim that further investigation would have yielded exculpatory information is speculative. Petitioner also states repeatedly in his briefs that he "never fired a weapon at anyone." (See Reply at ECF 2.) Whether this is true is not relevant because Petitioner pled to "aiding and abetting" the use of a firearm, and he does not have to have fired the gun himself to receive a firearm-discharge enhancement under § 924(c)(1)(A). See United States v. Echeverry, 649 F.3d 159, 160 (2d Cir. 2011) (holding that the defendant need not directly cause the weapon to discharge to be subject to the firearm enhancement).

Moreover, counsel for Petitioner avers in her affidavit that "[d]uring the pendency of the case I reviewed police reports, multiple videos, and the medical examiner[']s report" and "consulted with the defense investigator on numerous occasions regarding the facts surrounding the case and possible witnesses." (Sharkey Decl. ¶ 10.) Counsel thoroughly investigated and, considering all the facts available to her, reasonably decided that no further investigation was warranted.

### c. Failure to Raise Legal Arguments

Petitioner raises several additional grounds in support of his argument that counsel was ineffective, claiming counsel failed to: (1) challenge his sentence under Rehaif (Mot. at ECF 8; Reply at 4); (2) present arguments regarding the disparate sentences

12

imposed on his co-defendants (Mot. at ECF 9); (3) pursue a "speedy trial" or "a severance" (id.); (4) challenge his sentencing guideline enhancements (id.); and (5) request a mental health evaluation (id.). The Court will address each of these grounds in turn below.

Regarding Ground Four—Petitioner's argument that his counsel failed to challenge his sentence pursuant to the Supreme Court's decision Rehaif—the holding in Rehaif does not apply to this case. Rehaif required the Government to prove defendant had knowledge he was in the country unlawfully in a prosecution under 18 U.S.C. § 922(g). Rehaif, 588 U.S. at 227. Petitioner pled guilty to and was convicted under a different statute, 18 U.S.C. § 924(c)(1)(A)(iii) (dkt. no. 447 at ECF 2), which carries a 10-year mandatory minimum sentence "if the firearm is discharged." 18 U.S.C. § 924(c)(1)(A)(iii). Because there is no similar mens rea requirement under § 924(c), see Young v. United States, No. 09 Cr. 274(CS), 2020 WL 7711686, at *1 (S.D.N.Y. Dec. 29, 2020), aff'd, No. 21-20, 2022 WL 2136864 (2d Cir. Jun. 14, 2022) (holding that Rehaif does not apply to a charge under § 924(c)), counsel was not ineffective for omitting a meritless claim.

Regarding Ground Five, a sentencing disparity argument was not available to Petitioner's counsel as Petitioner received the minimum sentence under the statute. See 18 U.S.C.

§ 924(c)(1)(A)(iii).  Therefore, counsel's performance cannot have been ineffective on this ground.

In response to Ground Six, there is no evidence there was any prejudice resulting from counsel's failure to make arguments under the Speedy Trial Act.  Petitioner was not prejudiced by delaying trial until the Government declined to seek the death penalty. (See dkt. no. 346.)  There is also no evidence that the delay due to COVID-19 had any impact on Petitioner's decision to plead guilty.  (See Plea Tr.)  Additionally, Petitioner pled guilty before any severance motions were due (see Gov't Opp'n at ECF 8), so any request to sever charges or co-conspirators would have been premature and there is no evidence that requesting a severance would have led to a different outcome.

In Grounds Seven and Nine, Petitioner raises an issue regarding guideline enhancements (Mot. at ECF 9), but his sentence guidelines were not subject to any enhancements (PSR ¶ 98). Counsel cannot have been ineffective for failing to challenge nonexistent guideline enhancements.

In Ground Eight, Petitioner claims that he should have received further mental health evaluation. (Mot. at ECF 9.)  But Petitioner received the minimum sentence under 18 U.S.C. § 924(c)(1)(A)(iii) and the Guidelines.  (PSR ¶¶ 97, 98.) Therefore, even if he received evaluation that supported further mitigation, it would not have impacted Petitioner's sentence.

14

Additionally, there is no evidence in the PSR that any further investigation would have uncovered anything new that was relevant to Petitioner's conduct.  (See PSR ¶¶ 77-79.)

### d. Failure to File an Appeal

Petitioner claims that counsel "never pursued [an] appeal upon [Petitioner's] request." (Reply at 4.)  All declarations made by Petitioner's counsel consistently confirm that Petitioner "never asked [counsel] to file an appeal on his behalf," (Sharkey Decl. ¶ 9; Freeman Decl. ¶ 11; Commissiong Decl. ¶ 11), and they were not "contacted by any third parties suggesting that a notice of appeal should be filed" (Sharkey Decl. ¶ 9; Freeman Decl. ¶ 11; Commissiong Decl. ¶ 11).  While allegations that counsel disregarded Petitioner's explicit request to file a notice of appeal warrants "relatively simple fact-finding" proceedings in which the district court "has discretion to determine if a testimonial hearing will be conducted," Campusano v. United States, 442 F.3d 770, 776 (2d. Cir 2006), a court need not conduct a hearing beyond reviewing the Petition and the Government's response and the supporting documentary evidence if "any further evidentiary hearing . . . would add little or nothing to the written submissions." Nicholson v. United States, 566 F.Supp.2d 300, 305 (S.D.N.Y. 2008) (internal quotation marks omitted); see also Paulino v. United States, 476 F.Supp.2d 395, 397 (S.D.N.Y. 2007).  Since none of the available evidence supports Petitioner's

15

statement that he requested his counsel file an appeal, this Court concludes that no further hearing on this matter is necessary.

There is also nothing to suggest prejudice as Petitioner fails to state any substantive legal issues that he would want to raise on appeal. In addition, Petitioner signed a plea agreement containing a waiver of his rights to appeal or collateral attack if the Court imposed a sentence equal to or below the minimum of 10 years. (See Plea Agreement at 4.) The Court imposed the minimum sentence. (Dkt. no. 467.) The Court of Appeals has repeatedly held that such waivers are enforceable. See United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam); United States v. Maher, 108 F.3d 1513, 1531 (2d Cir. 1997); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam). While it is true that waivers of appellate or collateral attack rights can be nullified if they were procured unconstitutionally, see United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam), Petitioner has failed to show that his plea agreement was not valid for the reasons stated above. Since Petitioner does not raise any appealable issues that would not have been barred due to the appellate waiver or establish that he wanted to appeal, no further consultation by counsel was warranted. See Lopez v. United States, 13-CR-788 (KMW), 2017 WL 1424324, at *3 (S.D.N.Y. Apr. 20, 2017) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)) (holding that counsel has a

constitutional duty to consult with the defendant about an appeal if there is reason to believe that either (1) "a rational defendant would want to appeal," or (2) "defendant reasonably demonstrated to counsel that he was interested in appealing").

## IV. Conclusion

Ultimately, Petitioner fails to raise any evidentiary issues that would warrant any further proceedings. For the reasons set out above, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court shall close docket entry number 561 and mail a copy of this Order to Mr. Irizarry.

**SO ORDERED.**

Dated:    October 17, 2025
         New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge